### O'CONNELL v. CLARK et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. SERVANT—INJURIES—DISMISSAL OF COMPLAINT.
    Evidence examined in an action by a ship employé for injuries received while unloading a cargo of jute from the hold, and *held* not error to dismiss the complaint, though it appeared that the place where defendant directed plaintiff to work was more dangerous than where he had been working; it not appearing that this fact was known to defendants, or that plaintiff was not equally well aware of it.

Appeal from special term, Kings county.

Action by James O'Connell against John T. Clark and another for injuries received while unloading defendants' vessel. Judgment dismissing plaintiff's complaint at the close of his evidence, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, and HIRSCHBERG, JJ.

William C. Beecher, for appellant.

Herbert C. Smyth (Edwin A. Jones, on the brief), for respondents.

WOODWARD, J. This case has been before this court on three occasions prior to the present; twice on appeals from judgments in favor of the plaintiff (6 App. Div. 33, 39 N. Y. Supp. 454; 22 App. Div. 466, 48 N. Y. Supp. 74), and once upon an appeal from an order permitting the plaintiff to amend his complaint (41 App. Div. 631, 59 N. Y. Supp. 1111). This last appeal modified the order permitting the amendment of the complaint upon terms, which have not been complied with, and the case is thus presented upon the original pleadings. This court has twice held that, under the pleadings as they now stand, the plaintiff had failed to show conditions which would charge the defendant with negligence, and a careful examination of the record now before us fails to disclose evidence sufficient to support the theory of the plaintiff. If the evidence disclosed that the plaintiff, while engaged in the work of removing a cargo of jute from the hold of a vessel, was forcibly placed in a position of known danger by the defendant, there would be some ground for holding that the defendant was chargeable with the results which followed, but, so far as the evidence discloses, there was no more reason to expect a bale of jute to fall upon the plaintiff in the one position than in the other. Several men, experienced and capable

so far as we are informed, were at work in the hold of a vessel making up bundles of three or four bales of jute, which were placed in a sling or looped rope, to which a hook was attached, and the packages thus made up were drawn out of the hold by means of an engine with proper tackling. These large packages, known as drafts, when raised, were apt to catch in the combings of the hatchway, and it was one of the duties of the plaintiff, after he had made up his draft, to swing it clear of the combings of the hatchway, and he had been aoing this by standing under the hatchway and pulling the draft. The defendant, evidently believing that there was a better way, directed the plaintiff to go behind the draft and to push it, and, it is alleged, he accompanied this order by an oath and a push of the plaintiff to the position behind the draft. There is no allegation in the complaint of this alleged pushing, and the act of the defendant has been properly held to have been no more than an emphasis of the order, having no elements of an assault, and the defect in the plaintiff's case is found in the fact that there is no evidence to show that the defendant, in changing the position of the plaintiff, had any reason to suppose he was increasing the dangers of the occupation. There was not, so far as the evidence discloses, any reason to expect that the particular bale which fell upon the plaintiff was going to fall, or that any alleged lurching of the ship, due to the manner of lifting the load, would cause it to fall. It is true that there was some evidence that bales had previously fallen when the ship had lurched, but this was an incident of the work, and a bale was quite as apt to fall in one part of the ship as in another, and it appears from the evidence that the particular bale which fell and injured the plaintiff was some 10 or 12 feet from him at the time he changed positions, and the injury was caused by the bale rolling toward him this distance before he was struck. To permit a jury to speculate upon the question of liability under such circumstances would be to open the door to abuses which it is the duty of the courts to avoid, and we are persuaded that the dismissal of the complaint was entirely justified. The place where the plaintiff was put was, no doubt, in the light of what happened, more dangerous than the one he had previously occupied, but the question is, did the defendant have any reason to anticipate what happened? If he did not, then he is not guilty of negligence, and the plaintiff cannot recover, and he would be equally without a remedy if the plaintiff, with equal opportunity for knowing the danger, consented to occupy the position into which he was ordered by the defendant. It is only where the servant is placed in a position of danger of which he is unaware that the master assumes the responsibility, and there is no evidence in this case to show that the master knew any more of the dangers of the situation than the servant, or that he had any better means of knowing it. The plaintiff has clearly failed to establish the facts necessary to involve the defendant in liability.

The judgment appealed from should be affirmed, with costs. All concur.